UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-152-KSF

MARTY EVANS                                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

The plaintiff, Marty Evans, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.    OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)    If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2)    If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3)    If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a

> continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.
>
> (5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than

a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II. THE ADMINISTRATIVE DECISION

In this case, the ALJ conducted a hearing on July 9, 2009, and issued his opinion denying Evans' application for DIB and SSI benefits on August 26, 2009 [TR 29-58, 19-28]. At the time of the ALJ's decision, Evans was 32 years old. Evans has an eighth grade education (including special education classes) and past relevant work as a factory laborer [TR 39-40]. He alleges disability due to back problems [TR 62]. His alleged onset date is April 1, 2005 and he has acquired sufficient quarters of coverage to remain insured through June 30, 2011 [TR 21].

The ALJ began his analysis at step one by determining that Evans has not engaged in any substantial gainful activity since his alleged onset date of April 1, 2005 [TR 21]. At step two, the ALJ found that Evans suffers from kyphosis of the thoracic spine; lumbar spine degenerative disease; and borderline intellectual functioning [TR 21]. Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 22].

3

Reviewing the administrative record and considering Evans' testimony, the ALJ described Evans' residual functional capacity ("RFC") as follows:

> [Evans] has the residual functional capacity to lift or carry 10 pounds occasionally, but is precluded from pushing or pulling. He is able to stand and walk two hours, and sit six hours with a sit/stand option every 30 minutes. He can reach in all directions; can handle, finger, and feel; and can occasionally (1/3 of workday) bend, balance and stoop, but he cannot crawl. He is precluded from all exposure to vibration or hazards. The claimant has the ability to perform simple, routine tasks with simple, short instructions, and make simple work-related decisions with few work place changes; but he can have no requirement to read instructions, write reports, or do math calculations.

[TR 23]. Considering the testimony of the vocational expert, the ALJ found, at step four of the analysis, that Evans could not perform his past relevant work [TR 26]. Nevertheless, at step five the ALJ concluded, based on his age, education, work experience, and residual functional capacity, as well as the testimony of the VE, that Evans is capable of making a successful adjustment to other work that exists in significant numbers in the national economy [TR 27-28].

The ALJ's decision that Evans is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied his request for review on April 23, 2010 [TR 2-5]. Evans has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III. ANALYSIS

On appeal, Evans argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards for several reasons. Each of Evans' arguments is discussed separately below.

## A. WHETHER THE ALJ GAVE APPROPRIATE WEIGHT TO EVANS' TREATING PHYSICIAN AND THE CONSULTING PSYCHOLOGIST

Evans argues that the ALJ failed to give appropriate weight to the opinion of his treating physician, Dr. David Bullock, and the consulting psychologist, Dr. Kenneth Starkey. Generally, the ALJ should give controlling weight to a disability opinion by a treating physician if it is well-supported by clinical and laboratory findings and is consistent with other evidence. The ALJ may consider the length and nature of the treating relationship, the supportability of the opinion, consistency, specialization, and any other factors that may be appropriate. *See* 20 C.F.R. § 416.927(d)(2)(2007). The supportability of the opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. § 416.927(d)(3)(2007); *see also Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711-712 (6th Cir. 1988). The Sixth Circuit has held that a treating physician's opinion may be "undercut, to a degree, by the absence of underlying objective findings or corroborative clinical evidence." *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 479 (6th Cir. 1988).

Evans relies on the physical capacity assessment of Dr. Bullock to support his allegation of disability. On July 6, 2009, Dr. Bullock opined that Evans would be limited to one hour of sitting, standing, or walking during an eight-hour day; could lift and carry up to ten pounds occasionally; would be unable to use his hands for pushing or pulling; could not use his feet for repetitive movement in operating foot controls; and could not bend, squat, crawl, climb or reach above shoulder level [TR603]. While the ALJ assigned some weight to Dr. Bullock's opinion,

5

he found that his opinion in its entirety was not supported by the evidence [TR 26]. The ALJ noted that Dr. Bullock's limitations appeared to be heavily based upon Evans' subjective report of symptoms and limitations. The ALJ, however, noted that he found "good reasons" for questioning the reliability of Evans' subjective complaints [TR26]. Moreover, the ALJ determined that the medical record simply does not contain medical evidence to establish impairments or pain of such severity as to significantly interfere with his ability to perform the reduced range of sedentary work found by the ALJ. The fact that Evans requires no more than routine and conservative treatment for his back condition also discounts Dr. Bullock's opinion. Finally, Evans' daily activities of vacuuming, doing laundry, throwing a t-ball to his children, watching television, having friends over for cookouts and being able to fix his own meals weakens his allegation of a disabling condition. For these reasons, the ALJ did not err in rejecting, in part, the opinion of Dr. Bullock.

With respect to the consulting psychologist, Dr. Starkey, Evans argues that the ALJ did not properly consider his opinion that Evans' prognosis is "guarded to poor." However, the ALJ noted that he "granted considerable weight to the opinion of Dr. Starkey," due in part to the fact that Dr. Starkey actually examined Evans [TR26]. Moreover, despite this prognosis, Dr. Starkey opined that Evans is currently "able to understand, retain, and follow even simple/concrete instructions adequately (although he would likely have difficulty with more complex instructions or those requiring even basic literacy skills). His ability to sustain attention to perform simple repetitive tasks appears adequate" [TR 358]. Consistent with Dr. Starkey's assessment, the ALJ determined that Evans has the ability to perform simple, routine tasks with simple, short

6

instructions, and make simple work-related decisions with few work place changes, but that he can have no requirement to read instructions, write reports, or do math calculations [TR 23]. Inasmuch as the ALJ's RFC finding does not conflict with Dr. Sharkey's limitations, Evans' argument that the ALJ failed to afford appropriate weight to his opinion fails.

  **B. WHETHER THE ALJ ERRED BY FAILING TO CONSIDER THE COMBINED EFFECT OF EVANS' IMPAIRMENTS WHEN CONSIDERING WHETHER HE MET A LISTING**

  Evans also contends that the ALJ erred by failing to consider the combined effect of his impairments when determining whether or not he met any listing. However, Evans has not come forward with any medical evidence that his impairments met or equaled any listed impairment, nor has he even cited which particular listing he believes he meets. In order to satisfy a listing, a claimant must present specific medical findings that satisfy all of the criteria of a particular listing. *See* 20 C.F.R. §§ 404.152(d), 404.1525, 404.1526, 416.920(d), 416.925, 416,926; *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); *Hale v. Secretary of Health and Human Services*, 816 F.2d 1078, 1082-83 (6th Cir. 1987); *Dorton v. Heckler*, 789 F.2d 363, 365-67 (6th Cir. 1986). Because the listings represent an automatic screening based on medical findings rather than individual judgment based on all relevant factors, the evidentiary standards for presumptive disability under the listings are strictly construed. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). Because Evans has failed to come forward with any evidence satisfying the elements of any listing, this claim fails.

### C. WHETHER THE ALJ FAILED TO CONSIDER THE COMBINED EFFECT OF HIS EXERTIONAL AND NONEXERTIONAL IMPAIRMENTS

Next, Evans argues that the ALJ failed to consider the combined effect of his exertional and nonexertional impairments. However, a review of the ALJ's opinion reveals that the ALJ properly considered Evans' condition as a whole. There is no indication that the ALJ parceled out any of Evans' impairments; rather, the ALJ properly discussed all of Evans' impairments in reaching his decision. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 591-92 (6th Cir. 1987). While Evans has complained of numerous ailments, he has failed to establish that the ALJ failed to include any limitations in his RFC finding and relevant hypothetical question to the VE. Accordingly, this claim also fails.

### D. WHETHER THE ALJ CONSIDERED EVANS' ABILITY TO FIND AND MAINTAIN A JOB

Finally, Evans argues that the ALJ failed to consider the fact that his numerous ailments would prevent him from being able to maintain a job. In reaching his finding that Evans is not disabled, the ALJ relied on the opinion of the VE, who testified that an individual with Evans' age, education, work experience, and RFC would be able to *perform* the requirements of various jobs which exist in significant numbers in the national economy. Implicit in the VE's opinion that Evans can *perform* the job requirements is the opinion that Evans can also *maintain* the job. The ALJ was entitled to rely on the VE's opinion, and thus substantial evidence supports the ALJ's finding that Evans could find and maintain a job.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #11] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards;

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This January 20, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge